UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
IRAN RIVERA,                                     :
                            Plaintiff,     :
                                       :                14-CV-8778 (JPO)
                        -v-                 :
                                       :                OPINION AND ORDER
THE DIVISION OF PAROLE STATE,       :
:
                            Defendant.    :
:
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

       Plaintiff Iran Rivera filed this *pro se* action against the New York State Division of Parole on November 3, 2014.  (Dkt. No. 2.)  Rivera appears to allege that Defendant violated his Eighth and Fourteenth Amendment rights by holding him for thirty-one days beyond the expiration of his sentence at two facilities: an unspecified detention center at Rikers Island and the Queens House of Detention for Men.  Defendant moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  For the reasons that follow, the motion to dismiss is granted and Rivera is given leave to amend the Complaint.

**I.**       **Legal Standard**

       "A document filed *pro se* is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Where a defendant moves to dismiss a *pro se* complaint for lack of subject matter jurisdiction, "the Court assumes as true the facts alleged in the Complaint, except as necessary to determine the Court's jurisdiction." *Profeta v. Shandell, Blitz, Blitz & Ashley, LLP*, No. 15-CV-1054, 2015 WL 7288651, at *1 (S.D.N.Y. Nov. 16, 2015) (Oetken, J.) (citations omitted).

**II.     Discussion**

In this action, Rivera appears to assert claims under 42 U.S.C. § 1983 for violations of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. *See Lozado v. Warden*, No. 10-CV-8425, 2012 WL 2402069, at *3 (S.D.N.Y. June 26, 2012) ("Under the Due Process Clause, an inmate has a liberty interest in being released upon the expiration of his maximum term of imprisonment.") (citing *Calhoun v. N.Y. State Div. of Parole Officers,* 999 F.2d 647, 653 (2d Cir.1993)); *Wright v. Kane*, No. 94-CV-3836, 1997 WL 746457, at *4 (S.D.N.Y. Dec. 2, 1997) ("Detention beyond the termination of a sentence can constitute cruel and unusual punishment [under the Eighth Amendment] if it is the result of 'deliberate indifference' to the prisoner's liberty interest.") (citation omitted).

Rivera brings these claims against "the Division of Parole State." (Dkt. No. 2.) Both the Court and the Defendant construe this suit as an action against the New York State Division of Parole, which merged with the New York State Department of Correctional Service in 2011 to form the New York State Department of Corrections and Community Supervision ("DOCCS"). (Dkt. No. 13 at 1 n.1, 4.)

DOCCS cannot be sued under 42 U.S.C. § 1983. As a general rule, the Eleventh Amendment bars lawsuits against states for money damages or injunctive relief unless the state has waived or Congress has abrogated the state's Eleventh Amendment immunity. *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001). This immunity "extends beyond the state[ ] [itself] to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d

Cir. 1977). Accordingly, Plaintiff's § 1983 claims against the DOCCS, a state agency, are barred by the Eleventh Amendment.

However, while Plaintiff cannot sue DOCCS directly, he may bring claims under § 1983 against specific prison officials who were involved in the alleged deprivation of rights. *See, e.g., Lozado*, 2012 WL 2402069, at *3 (noting that individual defendants who were personally involved in the deprivation of a plaintiff's constitutional rights can be sued under § 1983). A plaintiff can also sue individual parole officers under § 1983. *See, e.g.*, *Calhoun*, 999 F.2d at 651 (assessing § 1983 claims against four parole officers). Finally, where a city adopts a custom or policy that causes injury in violation of a person's constitutional rights, that person may also sue the city itself. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-91 (1978); *see also Iacovangelo v. Corr. Med. Care, Inc.*, No. 12-4157-CV, 2015 WL 5315333, at *3 (2d Cir. Sept. 14, 2015) (stating the standard for a *Monell* claim); *Mena v. City of New York*, No. 12-CV-0028, 2014 WL 2968513, at *1 (S.D.N.Y. June 27, 2014) (addressing a *Monell* challenge to conditions of confinement at Rikers Island). Thus, while Rivera cannot sue DOCCS, he may be able to bring suit against other defendants for the violations he alleges.

**III.    Conclusion**

For the foregoing reasons, the motion to dismiss is GRANTED and the complaint is hereby DISMISSED.

Plaintiff is granted leave to file an amended complaint naming as defendants any individuals or entities that may properly be sued, PROVIDED that such an amended complaint is filed on or before March 15, 2016.

If Plaintiff has any questions about this Order, he may consult the Court's Individual Practices in Pro Se Cases or contact the Pro Se Office at (212) 805-0175.

The Clerk of Court is directed to close the motion at Docket Number 12.

SO ORDERED.

Dated: January 22, 2016
New York, New York

_____
J. PAUL OETKEN
United States District Judge

COPY OF THIS ORDER AND THE COURT'S INDIVIDUAL PRACTICES IN PRO SE CASES MAILED TO PRO SE PARTY BY CHAMBERS